

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

ROBERT GRUTGEN,                          )

9                                         )

            Petitioner,                   )        3:08-cv-0304-BES-VPC

10                                        )

vs.                                       )

11                                        )        ORDER

E.K. MCDANIEL, *et al.*,                  )

12                                        )

13          Respondents.                  )

_____/

14

15          This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro

16   se petitioner Robert Grutgen, a Nevada prisoner.  Before the Court is respondents' motion to

17   dismiss (docket #11).

18   **I.  Procedural History**

19          Petitioner filed a state habeas corpus petition on February 16, 2006, challenging

20   disciplinary proceedings in which he was found guilty of possessing inmate made alcohol.

21   Exhibit 1.  Petitioner also filed a second habeas corpus petition on the same date, alleging his

22   due process rights were violated when he was illegally held in disciplinary segregation.  Exhibit

23   2.  The state district court denied the petitions on April 26, 2007, finding the disciplinary

24   hearing officer had an adequate basis for imposing disciplinary sanctions against him and

25   therefore his due process rights were not violated.  Exhibit 10.  Petitioner appealed,

26   ///

1  and the Nevada Supreme Court affirmed the lower court's order of denial.  Exhibits 11 and 12.
2  Remittitur issued on November 9, 2007.  Exhibit 13.

3      Petitioner mailed the instant federal habeas corpus petition to this Court on May 28,
4  2008 (docket #6).  Respondents have moved to dismiss the petition, arguing all three grounds
5  are not cognizable in a federal habeas corpus petition, and alternatively that grounds two and
6  three are unexhausted (docket #11).  Petitioner opposes the motion to dismiss (docket #19).

7  **II.  Motion to Dismiss**

8      **A.  Failure to State a Federal Claim**

9      **1.  Ground One**

10     In his first ground for relief petitioner alleges that his Fourteenth Amendment rights to
11 due process were violated when the warden of Southern Desert Correctional Center confined
12 him in disciplinary segregation without notice, a hearing, or subsequent misconduct as is
13 required by administrative regulation 707.07.  Petitioner contends that his disciplinary
14 segregation was suspended, and although he was found not guilty of disciplinary charges at
15 a November 15, 2005 hearing, his disciplinary segregation was reinstated.

16     Respondents allege that petitioner does not challenge his state sentence, nor a loss
17 of good time imposed pursuant to a disciplinary hearing, therefore his claim is not cognizable
18 in a federal hearing.  Respondents are correct, in that claims that do not challenge the fact or
19 duration of confinement are not cognizable in a habeas corpus action.  *See Neal v. Shimoda*,
20 131 F.3d 818, 824 (9th Cir. 1997) (stating "habeas corpus is the exclusive remedy for a state
21 prisoner who challenges the fact or duration of his confinement and seeks immediate or
22 speedier release") (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)).

23     Petitioner alleges in his opposition that NDOC improperly reinstated his disciplinary
24 segregation without due process, which deprives him of his good time credits and thus his
25 release date is pushed further in to the future.   First, it should be noted that there is no
26 constitutional right to parole.  *Greenholtz v. Inmates of Nebraska Penal and Correctional*

2

1   *Complex*, 442 U.S. 1, 7 (1979).  Furthermore, an inmate has no due process liberty interest

2   in "work good time credits" unless the state law creates such an interest.  *See Greenholtz v.*

3   *Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 8-11 (1979); *Toussaint*

4   *v. McCarthy*, 801 F.2d 1080, 1094 (9th Cir. 1986).  In Nevada, the statutes relating to good

5   time credit create only a possibility of earning early release through the earning of good time

6   credit, therefore no constitutionally protected liberty interest is created.  *Cooper v. Sumner*,

7   672 F.Supp. 1361, 1367 (D. Nev. 1987); *Neal v. Hargrave*, 770 F.Supp. 553, 557 (D. Nev.

8   1991).  Prisoners have a liberty interest in good time credits that are received under the

9   Nevada Statutes, in that there cannot be an arbitrary revocation of good time credits.  *See*

10  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

11          In his opposition petitioner essentially contends that by reinstating his disciplinary

12  segregation, his good time credits are being revoked. However, petitioner is really challenging

13  his right to *earn* good time credits, i.e., in his petition he notes that disciplinary segregation

14  strips away his "vested rights" or privileges that general population inmates have, such as

15  earning good time credits.  As petitioner has no right and only a possibility of earning good

16  time credits, the Court finds this ground is not cognizable in a federal habeas corpus petition.

17  The Court will grant the motion to dismiss with respect to this claim.

18                          **2. Ground Two**

19          In his second ground for relief petitioner contends that his Fifth Amendment rights to

20  due process and deprivation of property were violated when the warden of Southern Desert

21  Correctional Center ordered that his suspended sanctions be reinstated. Petitioner states that

22  this cost him his liberty and a loss of privileges without due process.  Specifically, petitioner

23  states he was deprived of his purchased property (clothing and shoes), and that his packages

24  accrued return shipping and handling charges as they were returned due to petitioner being

25  in disciplinary segregation.

26  ///

3

1    Respondents argue that this claim does not state a cognizable claim for federal habeas
2    corpus relief.   Respondents contend that the loss of privileges, without specificity, is not
3    sufficient.  Respondents assert that petitioner is not challenging a state action that affects the
4    duration of his sentence.

5    Respondents' argument is partially incorrect, as petitioner has detailed the deprivations
6    of property.  However, respondents are correct in noting that petitioner is not challenging the
7    fact or duration of his confinement.  As this Court previously has noted, claims that do not
8    contest one's sentence or confinement are not cognizable in a habeas corpus action. *See*
9    *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir.
10   1997).  The instant claim is not cognizable in a federal habeas corpus petition, and petitioner
11   is not entitled to relief pursuant to 28 U.S.C. § 2254.

12   **3. Ground Three**

13   In his third ground for relief petitioner alleges that his Fifth and Fourteenth Amendment
14   rights to fundamental fairness were violated when Greg Cox and Brian Williams conspired with
15   Sheryl Foster, Marrows, Myles, and Harrison and did not allow his to return to the Oasis drug
16   program, and therefore he was denied parole, was transferred to Ely State Prison, and denied
17   good time and work credits.

18   Respondents contend that this claim does not state a cognizable ground for federal
19   habeas corpus relief as a transfer to another prison is within the normal range or limits of
20   custody.  In his opposition petitioner states that he wishes to abandon this ground for relief.
21   Therefore the Court will not address respondents' arguments relating to whether the claim is
22   cognizable in the instant action.

23   **B. Exhaustion**

24   The Court will not address respondents arguments that grounds two and three are
25   unexhausted, as ground two is not cognizable in the instant petition, and petitioner has elected
26   to voluntarily abandon ground three.

4

**III. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test.  The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct.  In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed as grounds one and two are not cognizable in the instant federal habeas corpus action, and petitioner abandoned ground three.  The Court did not reach the merits of petitioner's claims.  No reasonable jurist could conclude that this Court's ruling was in error.  Petitioner is not entitled to a certificate of appealability.

5

1    **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #11) is

2  **GRANTED**.  The Court finds grounds one and two are not cognizable in the instant action.

3  Petitioner has elected to voluntarily abandon ground three.

4    **IT IS FURTHER ORDERED** the petition (docket #6) is **DISMISSED WITH PREJUDICE**.

5    **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

6    DATED this 1st day of July, 2009.

7

8

9                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6